**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE P. MURCHISON, | No. 18-15740 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00142-EJM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Eric Markovich, Magistrate Judge, Presiding

Submitted February 11, 2021 [**]

Before: SILVERMAN, GRABER, and CLIFTON, Circuit Judges.

Claimant Bruce P. Murchison appeals pro se from the district court's

affirmance of the Commissioner of Social Security's denial of Claimant's

application for disability insurance benefits and supplemental social security

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Attmore v. Colvin, 827 F.3d 872, 875 (9th Cir. 2016), and affirm.

1. Contrary to Claimant's argument, the ALJ found, at step two, that Claimant's narcolepsy is a severe impairment. The ALJ accounted for narcolepsy in determining Claimant's residual functional capacity (RFC).

2. The ALJ permissibly discounted in part the opinion of psychological consultative examiner Dr. Sticken. She reasoned that Dr. Sticken's opinion was inconsistent with Claimant's sparse mental health treatment and with the clinical findings concerning Claimant's concentration, persistence, and pace. Those are permissible reasons to discount a medical opinion. See Tomasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with medical record); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (inadequate support in clinical findings). Additionally, the ALJ discussed the GAF score provided by Dr. Sticken. The ALJ noted that the score was assessed subjectively and revealed only a snapshot of Claimant's condition; she found that the objective details of the overall record more accurately described Claimant's impairments and limitations.

3. The ALJ did not reject or discount any opinion from Dr. Rogers. That being so, she was not required to give clear and convincing, or specific and

legitimate reasons supported by substantial evidence, for rejecting or discounting a treating doctor's opinion.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (clear and convincing); Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (specific and legitimate reasons supported by substantial evidence).  The decision described Claimant's four visits to Dr. Rogers and summarized his treatment notes. Although the ALJ did not assign a specific weight to Dr. Rogers' opinions, Claimant does not identify any limitation diagnosed by Dr. Rogers that the ALJ failed to incorporate into the RFC. Therefore, to the extent that the ALJ erred in failing to assign weight to Dr. Rogers' opinions, that error was harmless.  See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (defining an error as harmless "where it is inconsequential to the ultimate nondisability determination" (internal quotation marks omitted)).

4.  The ALJ permissibly discounted the determination of disability made by the Arizona State Retirement System (ASRS).  That determination was not binding.  See 20 C.F.R. § 404.1504 (providing that a decision by another governmental agency about a claimant's disability or entitlement to benefits is not binding because it is premised on non-social security rules).  The ALJ noted that it is unlikely that "disability," as the term is used on the ASRS's form, is decided under the same standards as are provided in the social security statute and

3

regulations. That is a permissible ground to discount the ASRS's conclusion. See Molina, 674 F.3d at 1111 (holding that an ALJ may discount the opinion of an "other source" if germane reasons are provided).

5. In his opening brief, Claimant does not challenge several aspects of the ALJ's decision: the evaluation of the opinions of Drs. Payne and Boatman, State agency medical consultants; the evaluation of the opinion of a State agency psychological consultant; the evaluation of the opinion of treating physician Dr. Puri; and the finding that Claimant's testimony concerning the severity of his limitations was not entirely credible due to his ability to attend law school full time and to perform some law-related employment. Similarly, Claimant does not argue "specifically and distinctly" about his contention that the ALJ erred at step three. Therefore, Claimant has waived any arguments concerning those issues. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

6. Finally, the ALJ's hypothetical question to the vocational expert adequately accounted for all of the limitations and impairments that the ALJ permissibly found were supported by substantial evidence in the record. See Bayliss, 427 F.3d at 1217–18 (holding that an ALJ may limit a hypothetical to restrictions supported by substantial evidence in the record). Accordingly, the ALJ

4

properly relied on the vocational expert's testimony that Claimant could perform his past relevant work as a high school or college teacher.

**AFFIRMED.**